IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AMERICAN GUARANTEE AND LIABILITY				PLAINTIFF
INSURANCE COMPANY

VS.									CIVIL ACTION NO. 4:05CV109-M-B

LEFLORE COUNTY, MISSISSIPPI, DAVID FLEMING,			DEFENDANTS
CRYSTAL TRUCKING COMPANY, DOROTHY THOMAS,
ADMINISTRATRIX OF THE ESTATE OF ROOSEVELT
THOMAS, DECEASED AND ON BEHALF OF THE
WRONGFUL DEATH HEIRS OF ROOSEVELT THOMAS, DECEASED

**ORDER**

The sole issue in this declaratory judgment action is whether a liability policy issued by plaintiff American Guarantee and Liability Insurance Company ("American Guarantee") to defendant Leflore County, Mississippi ("the county") obligates plaintiff to defend and indemnify defendant arising out of tort lawsuit filed by the wrongful death heirs of Roosevelt Thomas in the Circuit Court of Leflore County on August 19, 2004. In this underlying tort action, the heirs of Mr. Thomas seek recovery against the county as well as several non-governmental defendants arising out of a September 9, 2003 vehicular accident on a Leflore County road. On May 3, 2005, American Guarantee filed the instant declaratory judgment action, seeking a judicial declaration that it owed no duty to defend or indemnify defendant based upon certain allegations of the complaint in the underlying tort lawsuit. American Guarantee has now moved for summary judgment, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

1

# ANALYSIS

After careful consideration, the court concludes that the declaratory relief sought by plaintiff should be denied for the following reasons:

1. First and foremost, the court concludes that the "professional services" clause is ambiguous and that to interpret the exclusion in the manner suggested by plaintiff would serve to frustrate the reasonable expectations of the county in obtaining the policy. The policy provision at issue in this case excludes claims arising out of "professional services," as follows:

> This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.
> Professional services include:
> 1. The preparing, approving, of failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
> 2. Supervisory, inspection, architectural or engineering activities.

In the court's view, this provision is ambiguous as to whether it excludes the instant personal injury claim's allegations of negligence on the part of the county in the placement of warning signs. Plaintiff asserts that the placement or non-placement of such signs involves engineering services, but the court concludes that the policy did not sufficiently set forth the scope of the "professional services" exclusion, as required by Mississippi law.

In support of its motion, plaintiff asserts that only three Mississippi appellate court decisions have interpreted "professional services" exclusions: *Shelton v. American Ins. Co.*, 507 So. 2d 894 (Miss. 1987), *Burton v. Choctaw County*, 730 So.2d 1 (Miss. 1997) and *Titan Indemnity Co. v. Williams*, 743 So.2d 1020 (Miss. App. 1999). In the court's view, however, these three decisions support defendant's position in this case, for reasons which it will presently

explain. The court would initially note that each of the three cases cited by plaintiff involved claims asserted directly against an employee (an agent, nurse and teacher, respectively) of the insured based upon the manner in which that individual performed its duties. In this case, by contrast, no county employee is named as a defendant, and any claims which might be interpreted as implicating "professional services" are largely intertwined with general allegations that the county failed to properly maintain its roads. Clearly, these are the sort of general allegations of negligence which, in the court's view, a county would reasonably expected to be covered by a general liability policy.

Moreover, the court concludes that only two of the cases by plaintiff - *Burton* and *Shelton* - actually contain holdings on the "professional services" exclusion, and each of these decisions supports defendant's position on this issue. In *Burton*, the Supreme Court concluded that a "professional services" exclusion was ambiguous where applied to claims by a nursing home patient against a nurse and her employer arising out of a bath given to the patient by the nurse. In so concluding, the Supreme Court wrote that:

> [O]ur jurisprudence requires that the language in insurance contracts, especially exclusionary clauses, be construed strongly against the drafter. *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658, 662 (Miss.1994). In addition, any ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of coverage. *Id.* That means that the exclusionary clause here must be interpreted in its entire context-professional services, which include medical, surgical, dental and nursing treatment. In this light, "professional" is a limiting term, not an expansive one.

Thus, *Burton* informs this court that it should construe the ambiguities in the insurance policy against American Guarantee as the drafting party and that the term "professional" should not be read expansively. Clearly, *Burton* does not support the relief sought by plaintiff in this case.

The only Mississippi appellate court decision cited by plaintiff which held a "professional services" exclusion to bar coverage is the 1987 Mississippi Supreme Court decision of *Shelton v. American Ins. Co.*[1] In *Shelton*, the Supreme Court held that a "professional services" exclusion served to bar coverage where an insurance life underwriter was sued based upon his having allegedly made false and fraudulent statements in his dealings with a client. *Id.* at 895. In so holding, the Supreme Court placed very significant weight upon the fact that the insurance policy "deal(t) specifically with the (insured's) dealings and negotiations with clients as a life underwriter" and thus clearly set forth the scope of the exclusion. *Id.* at 896. Indeed, the "professional services" exclusion in *Shelton* specifically provided as follows:

> "Professional services" are defined by the policy as:
> "… services, activities and hazards, performed by the insured fee based or not, for insured's activities as a life underwriter, including but not limited to:
> (A) Insured's services rendered on a fee basis involving insured and non-insured plans …;
> (B) Insured's activities in consulting on self-insured plans …;
> (C) Insured's activities involving split-funded plans …;
> (D) Insured's services and activities involving third-party administration …;
> (E) Insured's services and activities involving claims administration …;
> (F) Actuarial services

In the court's view, *Shelton* clearly favors defendant's position in this case, inasmuch as it highlights the level of specificity and clarity which was present in the only Mississippi appellate court decision to find a "professional services" exclusion to bar coverage. Without question, the

---

[1]In *Titan*, the second decision cited by plaintiff, the Mississippi Court of Appeals suggested in dicta that a certain objection to the policy raised by the trial court lacked merit, but the appellate court did not consider the merits of the exclusion itself. Moreover, the Court of Appeals in *Titan* did not quote the language of the exclusion, and it is unclear whether the exclusion had the level of specificity of the exclusion in *Shelton*. The court therefore finds that *Titan* has no relevant holdings which might assist the court in this case.

4

exclusion in *Shelton* was far more specific and unambiguous than the exclusion in this case, which leaves it largely to the imagination of the reader exactly how broadly it might serve to exclude a myriad of claims arising out of a myriad of professional services.

To interpret the "professional services" exclusion in the manner urged by plaintiff in this csae would seemingly serve to preclude coverage for virtually all claims which seek recovery, either in whole or part, based upon allegations that any county roads, buildings, sidewalks, schools, etc were designed in a negligent manner. In the court's experience, it is frequently the case that garden variety tort lawsuits will allege that a county building, sidewalk or street was designed in a negligent manner. It may well be the case that the design of any of these structures often (but not inevitably) relies upon the advice of professionals such as engineers and architects, as plaintiff contends. Regardless, it strikes this court as improper for plaintiff to seek to expansively use the "professional services" exclusion to bar coverage in these instances, when the policy itself does not make it clear that the exclusion's effect will be so broad. The "professional services" exclusion in *Shelton* clearly demonstrates how an insurer may, if it is so inclined, take the time to clearly delineate the scope of an exclusion, rather than seeking an expansive reading of the exclusion after the fact, as plaintiff attempts to do in this case. Indeed, plaintiff attempts to incorporate by reference various extrinsic definitions and authorities after the fact when it should have set forth any such definitions in the policy itself.[2] In the court's view, any such supplementations and arguments after the fact are no substitute for clearly setting forth

---

[2]Plaintiff cites *Davidson v. Covington County*, 846 So.2d 219, 224 (Miss. 2003) for the proposition that the placement of warning signs involves the use of engineering skills. While this may well be true, the policy exclusion at issue in this case makes no mention of the placement of warning signs, and *Davidson* did not involve the interpretation of insurance policy language.

the nature of the exclusion in the policy itself, so that the insured will know exactly what sort of coverage it is purchasing, and may purchase additional coverage if needed. In the court's view, the exclusion in the instant case is ambiguous and Mississippi law clearly requires that it interpret this ambiguity against plaintiff, as the drafting party. Plaintiff's motion for declaratory relief is therefore due to be denied.

2. As a second basis for denying plaintiff's motion, the court concludes that to interpret the "professional services" clause in the manner suggested by plaintiff would likely prove unworkable in this case. In so concluding, the court would note that the complaint in the underlying lawsuit alleges as follows:

> County Road No. 507 is a state-aid road maintained by Lefore County, Mississippi. Lefore County, Mississippi failed to properly maintain this roadway for the safety of the traveling public. Moreover, Lefore County, Mississippi failed to properly identify and mark with required signage the roadway, approaching sharp turns in the roadway, and the existence of the bridge struck by Roosevelt Thomas.

Plaintiff does not dispute that it has a duty to defend and indemnify with regard to the allegations that the county failed to properly maintain its roadway, but it contends that it has no such duty to defend and indemnify with regard to the second allegation, relating to the failure to provide proper "signage" on the roadway to warn of upcoming dangers. Presumably, the underlying proceedings in this action will result in a verdict that the county was either negligent or not negligent. Plaintiff makes no response to defendant's objections that there will be no way of determining after the fact whether the county might have been found negligent based upon its having negligently maintained the roads or based upon its having failed to provide proper signage. In the court's view, this fact serves as a further basis for denying plaintiff's motion,

6

even though it is not a necessary one in light of the court's previously stated conclusion that the contract itself is ambiguous.

In light of the foregoing, it is ordered that plaintiff's motion for summary judgment [12-1] is denied, and plaintiff's request for declaratory relief is denied. There being no further issues for the court to resolve, this case is closed.

SO ORDERED, this the 24th day of April, 2006.

                                          **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**